IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT JONES,

                Plaintiff,

   v.

CHERYL KNOX, JOHN OLSZEWSKI,
PROBATION & PAROLE DEPARTMENT
and PAUL L. BARNETT,

                Defendants.

ORDER

14-cv-77-bbc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Robert Jones, a Madison, Wisconsin resident, has filed a proposed lawsuit alleging that his constitutional rights were violated when he was arrested, placed in custody and had his probation revoked and extended even though his probation had expired before these events occurred.  Plaintiff seeks leave to proceed <u>in forma pauperis</u> and the court has already allowed him to proceed without prepayment of any portion of the $350 filing fee for this case.  The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir.

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

2010).

After considering plaintiff's allegations, I will dismiss defendants Probation and Parole Department and Paul Barnett because plaintiff cannot bring suit against them in this court. Further, I will dismiss the remainder of plaintiff's complaint because it does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8, but I will give plaintiff a chance to file an amended complaint.

I draw the following facts from plaintiff's complaint, attached transcript of his February 25, 2011 hearing and electronic record of plaintiff's criminal proceedings in Dane County case no. 2004CF2075 available at www.wcca.wicourts.gov.

ALLEGATIONS OF FACT

On January 19, 2005, plaintiff Robert Jones pleaded no contest to two counts of forgery in a criminal case in the Circuit Court for Dane County, Wisconsin. Plaintiff was continued on probation for several years. At a February 12, 2010 probation review hearing, Judge David Flanagan decided to extend plaintiff's probation for six months; an order memorializing this extension was docketed on February 23, 2010. However, shortly thereafter another entry was made in the court docket stating that plaintiff "was discharged by [the Wisconsin] Department of Corrections on 2-24-2010."

On August 13, 2010, the court held a probation review hearing, at which plaintiff did not appear. (Plaintiff states that in June 2010 he moved from Madison, Wisconsin to Atlanta, Georgia "to start a new life.") The court issued a bench warrant. Plaintiff was

arrested in Georgia on February 11, 2011, transported back to Madison and detained until a February 25, 2011 bond hearing.

Defendant Paul Barnett, an assistant district attorney, appeared at the hearing on behalf of the state. Also present at the hearing was defendant probation and parole officer Cheryl Knox, who appeared "on behalf" of defendant John Olszewski (who I understand to be plaintiff's probation agent). At the hearing, Judge Flanagan noted that there were what "looks like two discharge certificates from the Department of Corrections" indicating that plaintiff had been discharged from his probation. Defendant Knox stated, "Our records from what I have from [Olszewski] do not indicate that the case discharged." Defendant Barnett suggested that the discharge paperwork had likely been started before plaintiff's probation was extended and then "was not caught" after the court issued the extension of his probation on February 12, 2010.

Judge Flanagan stated, "I don't doubt that there has been some sort of mistake, and I don't know if he's still on probation or not" and ". . . right now I've got this discharge in my hand and I haven't got a retraction of it, I'm not ruling that [plaintiff] can't be declared to be on probation, but I don't think I've got a reason to hold him in the Dane County jail . . . ." Defendant Barnett responded that defendant Knox told him that "a probation hold [had] been placed on [plaintiff]," and suggested that while plaintiff was being detained on the probation hold, defendants Knox and Olszewski would "do their best to get this snafu cleared up." Judge Flanagan withdrew the bench warrant but stated, "If the sheriff thinks he's got authority to hold [plaintiff] based on your probation hold . . . I don't think I have

3

that issue in front of me and I don't see any reason to take it up." (I can infer from plaintiff's allegations that he remained in custody following the hearing.)

In May 2011, plaintiff's probation was revoked and he was sentenced to a term of prison. (It appears that plaintiff had been released from prison by the time he filed his complaint). Plaintiff states that "they" extended his probation until April 13, 2013.

OPINION

I understand plaintiff to be bringing claims under 42 U.S.C. § 1983 against defendants for violating his constitutional rights when he was arrested, placed in custody and had his probation revoked and extended even though his probation expired before all of these events. I am extremely dubious of plaintiff's contention that his probation had expired before these events occurred, as the criminal record seems to contradict this; it shows that Judge Flanagan extended plaintiff's probation in a February 23, 2010 order. However, at the February 25, 2011 hearing, Judge Flanagan withdrew his own bench warrant and indicated that he was unsure whether plaintiff was actually still subject to probation. Although I think it is likely that further facts will show that plaintiff was legally on probation, at this point, construing the facts plaintiff has provided generously, I will credit his assertion that he was no longer on probation.

Even so, there are several problems with plaintiff's complaint, starting with the question whether plaintiff has named defendants capable of being sued in this court. Defendant "Probation and Parole Department," which I understand to be a division within

the Wisconsin Department of Corrections, cannot be sued in actions like this one brought under § 1983, because that statute limits liability to "persons" only. Will v. Michigan Department of State Police, 491 U.S. 58, 66–67 (1989); Witte v. Wisconsin Department of Corrections, 434 F.3d 1031, 1036 (7th Cir. 2006). Also, to the extent that plaintiff believes that defendant assistant attorney general Paul Barnett had a hand in his incarceration and extended term of probation, Barnett is immune from suit for his actions in court as a prosecutor, Millspaugh v. County Department of Public Welfare of Wabash County, 937 F.2d 1172, 1175 (7th Cir. 1991). Accordingly, I will dismiss these defendants from the case.

This leaves probation agents Cheryl Knox and John Olszewski. Plaintiff's allegations and the state criminal record are fairly bare, but I understand plaintiff to be alleging that his constitutional rights were violated in the following ways:

- he was unlawfully arrested in Georgia;

- he was unlawfully detained both before and after the February 25, 2011 bond hearing;

- his probation was unlawfully revoked in May 2011; and

- his probation was unlawfully extended.

These events could arguably support constitutional claims against probation officials involved in them. Burke v. Johnston, 452 F.3d 665, 667 (7th Cir. 2006) (claim against corrections officials for failing to grant proper jail credit, resulting in incarceration without legal basis, raises Eighth Amendment claim); Knox v. Smith, 342 F.3d 651, 658 (7th Cir. 2003) (parole officer could violate Fourth Amendment by requesting warrant without

reasonable suspicion to believe that parolee violated terms of parole); Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001) (plaintiff may bring Eighth Amendment claim for being incarcerated longer than he should have been); Wilson v. Kelkhoff, 86 F.3d 1438, 1445-46 (7th Cir. 1996) (corrections official's decision to initiate revocation proceedings by preparing baseless violation report and notice of charges could violate right to due process).

However, plaintiff's complaint suffers from a lack of detail explaining how defendants Knox and Olszewski were involved in these events. Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must contain enough allegations of fact to make a claim for relief plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In addition, liability under 42 U.S.C. § 1983 arises only when a defendant is personally responsible for the deprivation of which the plaintiff complains. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). This means that I cannot allow plaintiff to proceed on constitutional claims against Knox and Olszewski unless he explains what they did personally to violate his rights.

Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his

6

situation. This means that someone reading the complaint should be able to understand what part Knox or Olszewski or both played in plaintiff's illegal arrest, detention, probation revocation and probation extension.

To the extent that plaintiff believes that other law enforcement officials besides Knox and Olszewski violated his rights, he may include those officials as defendants, but he will have to amend the caption of his complaint to include those officials and explain in the body of the complaint what they did to violate his rights. I note that plaintiff may not have a remedy for every perceived violation of his rights; to the extent that it was Judge Flanagan's factual or legal determinations that harmed plaintiff, plaintiff may not bring suit against Flanagan because he has absolute immunity for all actions taken as part of his judicial functions, as opposed to his executive or administrative functions. Mireles v. Waco, 502 U.S. 9 (1991). Similarly, probation officials are entitled to absolute immunity in taking actions that "involve decision-making that is 'judicial' in nature," such as "acts associated with the decision to grant, revoke, or deny [probation], or the signing of an arrest warrant." Dawson v. Newman, 419 F.3d 656, 662 (7th Cir. 2005).

ORDER

IT IS ORDERED that

1. Plaintiff Robert Jones is DENIED leave to proceed on constitutional claims against defendants Probation and Parole Department and Paul Barnett, and those defendants are DISMISSED from the case.

2. The remainder of plaintiff's complaint, dkt. #1, is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 27, 2014 to submit an amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendants.

Entered this 5th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge