IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT JONES,

                OPINION & ORDER

        Plaintiff,

v.                                           14-cv-77-jdp[1]

CHERYL KNOX and JOHN OLSZEWSKI,

        Defendants.

---

Plaintiff Robert Jones, a Madison, Wisconsin resident, has filed a proposed lawsuit alleging that his constitutional rights were violated when he was arrested, placed in custody, and had his probation revoked and extended even though his probation had expired before these events occurred. In a May 5, 2014 order, the court dismissed defendants Paul Barnett (an assistant district attorney appearing at the hearing after plaintiff was arrested) and the "Probation and Parole Department" because they could not be sued in a § 1983 action and dismissed the complaint as it related to the remaining defendants, probation agents Cheryl Knox and John Olszewski, stating as follows:

> This leaves probation agents Cheryl Knox and John Olszewski. Plaintiff's allegations and the state criminal record are fairly bare, but I understand plaintiff to be alleging that his constitutional rights were violated in the following ways:
>
> • he was unlawfully arrested in Georgia;
>
> • he was unlawfully detained both before and after the February 25, 2011 bond hearing;
>
> • his probation was unlawfully revoked in May 2011; and
>
> • his probation was unlawfully extended.
>
> These events could arguably support constitutional claims against probation officials involved in them. *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006) (claim against corrections officials for failing to grant proper jail credit, resulting

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 5.

in incarceration without legal basis, raises Eighth Amendment claim); *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003) (parole officer could violate Fourth Amendment by requesting warrant without reasonable suspicion to believe that parolee violated terms of parole); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001) (plaintiff may bring Eighth Amendment claim for being incarcerated longer than he should have been); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445-46 (7th Cir. 1996) (corrections official's decision to initiate revocation proceedings by preparing baseless violation report and notice of charges could violate right to due process).

However, plaintiff's complaint suffers from a lack of detail explaining how defendants Knox and Olszewski were involved in these events. Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must contain enough allegations of fact to make a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In addition, liability under 42 U.S.C. § 1983 arises only when a defendant is personally responsible for the deprivation of which the plaintiff complains. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). This means that I cannot allow plaintiff to proceed on constitutional claims against Knox and Olszewski unless he explains what they did personally to violate his rights. Dkt. 4.

Plaintiff was given an opportunity to submit an amended complaint explaining how Knox, Olszewski, or other law enforcement officials violated his rights. Plaintiff responded to the order by submitting an uncaptioned document that I will construe as a supplement to the complaint. Dkt. 6. In the supplement, plaintiff describes hardships he has endured as a result of being arrested and returned to Wisconsin, which are regrettable regardless of whether plaintiff's arrest was actually illegal. The problem with the supplement is that it does not fix the original complaint by explaining how defendants Knox and Olszewski violated his rights. Nor does plaintiff attempt to bring claims against other officials by naming them as defendants and providing an explanation of what they did to violate his rights. Because plaintiff's complaint and supplement, even taken together, do not provide the information necessary to sustain a

constitutional claim, I must dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

## ORDER

IT IS ORDERED that

1. This case is DISMISSED for plaintiff Robert Jones's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 18th day of September, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge